J-S54015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANK S. DELLARIA AND BIANCA DELLARIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAL ANZALONE, DEBRA HUDSPETH, MICHELLE C. O'NEILL, INDIVIDUALLY AND IN HER CAPACITY AS TRUSTEE UNDER THE TESTAMENTARY TRUST CREATED BY THE WILL OF WILLIAM P. O'NEILL, DECEASED, AND ALL UNKNOWN HEIRS, SUCCESSORS, AND ASSIGNS OF, AND ALL PERSONS CLAIMING RIGHT, TITLE OR INTEREST UNDER SABASTIANIA DELLAIRIA A/K/A SABASTIANIA DELLARIA DECEASED, AND/OR SALVATORE DELLAIRIA A/K/A SALVATORE DELLARIA DECEASED | |
| APPEAL OF: SAL ANZALONE AND DEBRA HUDSPETH | No. 3 WDA 2016 |

Appeal from the Judgment Entered December 3, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2014-5146

BEFORE: BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:              **FILED SEPTEMBER 21, 2016**

Sal Anzalone and Debra Hudspeth (Appellants), defendants below, appeal *pro se* from the December 3, 2015 order that entered judgment in

favor of Frank S. Dellaria and Bianca Dellaria (Appellees or Dellarias), plaintiffs below.[1]  We affirm.

This quiet title action filed by the Dellarias sought title to a ten-acre parcel of property through adverse possession.  The Dellarias alleged that they met the requirements of adverse possession as against all who may have a legal interest.  Following Appellants' response, a non-jury trial was held on November 16, 2015, which resulted in the entry of judgment on December 3, 2015, as stated *supra*.  Thereafter, on December 14, 2015, Appellants filed a motion for reconsideration and on December 30, 2015, they filed the instant appeal.  Subsequently, on January 6, 2016, the court dismissed Appellants' motion for reconsideration.

Now, on appeal, Appellants raise the following issues for our review:

1.  Whether adverse possession is possible against only one owner of property where other co-owners of the same property were not disposed[?]

2.  Whether [Appellees] satisfied all elements of adverse possession[?]

3.  Whether [Appellees] were required to oust each of the co-owners during the 21 year period of alleged adverse possession[?]

_____

[1] The court's order also entered judgment in favor of Michelle C. O'Neill, a defendant below, as against the Dellarias.  The Dellarias did not appeal from that portion of the December 3, 2015 order.  Therefore, this appeal only concerns issues that arose in connection with Appellants' appeal as against the Dellarias.

4. Whether testimony should have been permitted of conversations with dead persons in contravention of the Dead Man's Act[?]

Appellants' brief at 3-4 (statements alleging action/inaction by the trial court omitted).

Unfortunately for Appellants, we are unable to reach the issues they have attempted to raise in this appeal. "It is axiomatic that, in order to preserve an issue for review, litigants must make timely and specific objections during trial *and raise the issue in post-trial motions*." ***Harman v. Borah***, 756 A.2d 1116, 124 (Pa. 2000) (emphasis added); Pa.R.C.P. 227.1 ("Post-Trial Relief").[2] Moreover, our Supreme Court has stated that "[a] motion for reconsideration is *not* a post-trial motion." ***Moore v. Moore***, 634 A.2d 163, 166 (Pa. 1993) (emphasis added). Accordingly, we are compelled to conclude that Appellants have waived all the issues they have attempted to raise in this appeal and we, therefore, affirm the judgment.

Judgment affirmed.

_____

[2] We also note that Appellants have failed to indicate where in the record they raised or preserved any of the issues they now raise. ***See*** Pa.R.A.P. 2117(c) and 2119(e) (requiring "Statement of place of raising or preservation of issues"). ***See also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/21/2016</u>